UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(Newark Vicinage)

| | |
|---|---|
| SEHOON CHANG,<br><br>                Plaintiff,<br><br>      v.<br><br>ABLE C&C CO. LTD.,<br><br>                Defendant. | Case 2:23-cv-02590-KSH-JRA |

-------------------------------------------------------------------------------------------------------

MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR SUBSTITUTED SERVICE

-------------------------------------------------------------------------------------------------------

On the Brief and Of Counsel

**LEE, LLC**
By: Peter Y. Lee, Esq. 019992000
770 River Road
P.O. Box 52
Edgewater, NJ 07020
(212) 808-0716
*Attorneys for Plaintiff, Sehoon Chang*

## **TABLE OF CONTENTS**

Table of Authorities..................................................................................................i

Preliminary Statement.............................................................................................1

Statement of Relevant Facts....................................................................................2

Legal Argument.......................................................................................................5

Conclusion ..............................................................................................................9

## Table of Authorities

Caselaw

*Cintron v. W & D Machinery Co., Inc.*,
    182 N.J. Super. 126 (Law Div. 1981) .......................................................... 7-8

*Dewey v. Volkswagen Ag*,
    558 F.Supp.2d 505 (D.N.J. 2008) ................................................................. 7-8

*Mills v. Ethicon, Inc.*,
    406 F.Supp.3d 363 (D.N.J. 2019) ....................................................................7

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
    526 U.S. 344 (1999)..........................................................................................5

*Omni Capital International v. Rudolf Wolff Co Ltd.*,
    484 U.S. 97 (1987)............................................................................................5

*Seltzer v. I.C. Optics, Ltd.*,
    339 F.Supp.2d 601 (D.N.J. 2004) ....................................................................7

*Volkswagenwerk Aktiengesellschaft v. Schlunk*,
    486 U.S. 694 (1988)..........................................................................................7

*Water Splash, Inc. v. Menon*,
    137 S.Ct. 1504 (2017).......................................................................................7

Court Rules and Statutes

Fed. R. Civ. P. 4(f).................................................................................................6

Fed. R. Civ. P. 4(f)(3)............................................................................................6

Fed. R. Civ. P. 4(h)................................................................................................6

N.J. R. 4:4-4(a)(6).................................................................................................9

N.J. R. 4:4-4(b)(3).................................................................................................9

Plaintiff, Mr. Sehoon Chang ("Chang" or "Plaintiff"), through undersigned counsel, respectfully submits a memorandum of law in support of his motion for substituted service on Defendant, Able C&C Co. Ltd. ("Defendant").

## PRELIMINARY STATEMENT

Plaintiff brings this action against his former employer Defendant, a South Korea corporation with an office in Seoul, South Korea, and is in the business of the manufacture and distribution of beauty cosmetics across the world. Plaintiff now moves for a Court order permitting substituted service in Englewood, New Jersey, where Plaintiff had worked for Defendant in a subsidiary office from March 2020 until Defendant had terminated him in April 2023. That subsidiary is Able C&C US Inc. ("Able US"), a Delaware corporation formed in March 2020 by both Plaintiff and his "co-CEO" (Mr. Jae Ahn) at the behest of Defendant and pursuant to their respective employment contracts with Defendant. To be clear, Defendant had hired Plaintiff and Mr. Ahn and committed both of them under two-year contracts to form a U.S. corporation later known to be Able US, to conduct and monitor Defendant's operations stateside and provide regular reports and U.S. sales trends to Defendant's senior management, and, most importantly, to coordinate the importation of Defendant's products into the United States and liaise with federal authorities accordingly. Through its two employees, Plaintiff and Mr. Ahn, Able

1

US served as Defendant's eyes and ears here in the United States. For all intents and purposes, *Able US is Defendant, Able C&C Co. Ltd*.

Following our numerous unavailing efforts for Defendant and Mr. Ahn to waive service of process and accept service of process, Plaintiff now brings this application seeking a Court order permitting substituted service on Able US in Englewood, New Jersey. Alternatively, Plaintiff seeks a reasonable extension of time -- at least 6 months -- to perfect service of process in accordance with the Hague Convention on International Service of Process ("Hague Service Convention"), to which South Korea is a signatory.

STATEMENT OF RELEVANT FACTS

1. Defendant is a publicly-traded South Korean company with its principal place of business located in Seoul, South Korea, and engages in the manufacturing and distribution of beauty cosmetics, including various skincare products, such as sunscreen. (Complaint at ¶11 (**Exhibit A**).)

2. Defendant has been transacting business in the United States since at least 2004 and, since September 2009, has been conducting business under the assumed name "Missha," for which Defendant obtained trademark registration in January 2017. (Peter Lee declaration ("Lee dec.") at ¶¶2-3; Sehoon Chang declaration ("Chang dec.") at ¶3; **Exhibit G**; **Exhibit H**.)

2

3. On or about March 6, 2020, Defendant hired Plaintiff to serve as its co-director for its United States operations: Defendant and Plaintiff signed a two-year contract. Plaintiff was hired to streamline the importation of Defendant's products to the United States. So Plaintiff and his family relocated from South Korea to Tenafly, New Jersey, Bergen County, and Plaintiff soon met Mr. Ahn, who turned out to be my co-CEO of the United States subsidiary to be formed. (Complaint at ¶13 (**Exhibit A**); Chang dec. at ¶¶4-5.)

4. Like myself, Mr. Ahn also had a two-year contract with Defendant providing for very similar, if not identical terms to those set forth in my agreement. In or around early March 2020, Mr. Ahn and Plaintiff located office space at 100 West Forest Avenue, Suite E, Englewood, New Jersey, Bergen County, and informed Defendant (in Korea) accordingly: Defendant ultimately executed the guaranty for the lease. (Chang dec. at ¶5.)

5. On or about March 19, 2020, Mr. Ahn and Plaintiff formed Delaware corporation, Able US and registered same with the State of New Jersey: Both Mr. Ahn and Plaintiff -- employees of Defendant -- are identified in the formation papers. (Chang dec. at ¶6; **Exhibit B**.)

6. Then, at Defendant's direction, Mr. Ahn and Plaintiff also registered Able US with the State of New York. (Chang dec. at ¶7; **Exhibit C**.)

7. Eventually, once its United States operations were in place in Englewood, New Jersey, Defendant paid Plaintiff and Mr. Ahn -- through Able US -- the salary and benefits set forth in their respective employment agreements with Defendant. (Chang dec. at ¶8.)

8. During the course of his entire employment with Defendant while residing in New Jersey, Plaintiff and Mr. Ahn each took orders only from Defendant's management team in South Korea, including its CEO, Ms. Yoo Jim Kim a/k/a Eugene Kim, who regularly contacted them and has visited them in Englewood, New Jersey. Furthermore, Mr. Ahn and Plaintiff reported only to Defendant's management team in South Korea: Able US (*i.e.*, Mr. Ahn and Plaintiff) exercised no discretion or autonomy because it had none: As Defendant's employees, Plaintiff and Mr. Ahn each were expected to operate, and we in fact operated the Englewood office no differently than Defendant's main office was operated in Seoul, South Korea. (Chang dec. at ¶9.)

9. The only difference between 100 West Forest Avenue, Suite E, Englewood, New Jersey, and Defendant's office in South Korea is the name of the tenant occupying the former, or Able US. Defendant's ties with both Able US and the Englewood address are otherwise inseparable. For instance, any papers or business going through Englewood ultimately *must* reach Defendant's office in Seoul, South Korea. (Chang dec. at ¶10.)

10. Indeed, Able US's entire board of directors is made up of none other than Defendant's resident executives *in Seoul, South Korea*. (Chang dec. at ¶11; **Exhibit D**.)

11. Furthermore, Defendant's countless shipments to the United States consist of voluminous papers identifying Defendant as the shipper or exporter, on the one hand, and Able US as the consignee or importer, on the other. Notably, Plaintiff and his contact information are provided in all papers. (Chang dec. at ¶¶12-13; **Exhibit E**; **Exhibit F**.)

12. Under the circumstances, service of process on Able US in Englewood, New Jersey comports with basic notions of due process and justice and applicable Court Rules.

## LEGAL ARGUMENT

A federal court may not exercise personal jurisdiction over a defendant absent proper service of process. *Omni Capital International v. Rudolf Wolff Co Ltd.*, 484 U.S. 97, 104 (1987); *see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). The Federal Rules of Civil Procedure provide the following rule for serving process on corporations such as Defendant:

> "Unless federal law provides otherwise or the defendant's waiver has been filed, a ... foreign corporation ... subject to suit under a common name, must be served:
> (1) in a judicial district of the United States:
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

5

> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; or
> (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)."

Fed. R. Civ. P. 4(h)(emphasis added). And where the defendant corporation is "not within any judicial district of the United States," service of process must proceed

> "(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague [Service] Convention[;]
>
> ***
>
> (3) by other means not prohibited by international agreement, as the court orders."

Fed. R. Civ. P. 4(f)(emphasis added). As explained below, this motion seeks relief under Fed. R. Civ. P. 4(f)(3): Specifically, we seek leave to serve Defendant in New Jersey, by personal service, on its wholly-owned subsidiary, Able US, which is an alter ego or agent of the Defendant parent.

    First and foremost, the Hague Service Convention -- to which both the United States and South Korea are member signatories -- provides for more than one means of service of process on a foreign defendant in a contracting state. While its Articles 2 through 7 focus on the primary method of service via a contracting state's "Central Authority," the Hague Service Convention provides for

6

alternatives under Articles 8, 10 and 11, among others. Notably, Article 19 expressly "does not preempt any internal laws of its signatories that permit service from abroad via methods not otherwise allowed by the Convention." *Water Splash, Inc. v. Menon*, 137 S.Ct. 1504, 1508 (2017). That is, the Hague Service Convention does not apply where local law permits local service of process. *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698-708 (1988) (service on foreign corporation does not have to comport with Hague Service Convention where "service on a domestic agent is valid and complete under both state law and the Due Process Clause"). To be clear, the Supreme Court has held that the Hague Service Convention is "not implicated" if service "under state law, [does] not necessarily require transmittal of the relevant documents [abroad]." *Mills v. Ethicon, Inc.*, 406 F.Supp.3d 363, 393 (D.N.J. 2019), *citing Schlunk*, 486 U.S. at 704.

Under New Jersey law, service of process "on a wholly owned subsidiary confers jurisdiction over the foreign parent only if the subsidiary is an alter ego or agent of the parent." *Mills*, *supra*, *citing Dewey v. Volkswagen Ag*, 558 F.Supp.2d 505, 513 (D.N.J. 2008)(quotation omitted). As former District Judge Hochberg explained:

> "To determine if a subsidiary is acting as an agent of the parent, courts consider: (1) whether the subsidiary is doing business in the forum that would otherwise be performed by the parent, *Seltzer v. I.C. Optics, Ltd.*, 339 F.Supp.2d 601, 609-10 (D.N.J. 2004); *see also Cintron v. W & D*

7

> *Machinery Co., Inc.*, 182 N.J. Super. 126 (Law Div. 1981)(stating that a subsidiary that is a "mere instrumentality of the foreign corporation ... should be held to occupy the status of a managing agent of the foreign corporation within the meaning of statutory provisions authorizing service of process upon a managing agent of a corporation"); (2) whether there is common ownership of the parent and subsidiary; (3) whether there is financial dependency; and (4) whether the parent interferes with the subsidiary's personnel, disregards the corporate formalities, and/or controls the subsidiary's marketing and operational policies[.]

*Dewey*, *supra* (finding relationship between parent and U.S. subsidiary "so close" that latter "operates as an agent" of parent for "purpose of service of process"). The relationship between Defendant and Able US here is on all fours with the relationship between the parent and subsidiary before Judge Hochberg.

Notably, Plaintiff is a former employee of Defendant who worked several years in a commercial space in Englewood, New Jersey, leased to Able US. As the Court can see from his accompanying declaration and supporting exhibits, Plaintiff has intimate, personal knowledge of Defendant's operations in the United States and certainly has a firsthand account of Able US' existence separate and apart from Defendant, if any. In fact, public records show that Able US was formed by none other than Defendant's own employee, Plaintiff. Further, public records also show that Defendant has not only obtained U.S. trademarks, but Able US has been and continues to be using same as its "assumed names."

To the extent Able US must report its business and affairs to its parent company in Korea, and Able US simply cannot exist without Defendant, service of

8

process via Able US not only comports with basic notions of due process but also New Jersey law. *See* N.J. R. 4:4-4(a)(6)(recognizing service of process on corporation, in state, via "managing or general agent ... to receive service of process on behalf of the corporation"); *see also* N.J. R. 4:4-4(b)(3)(allowing for substituted service by Court order).

In sum, Plaintiff seeks a Court order recognizing that Able US is an alter ego and "managing or general agent" of Defendant, under *Mills* and *Dewey*, and permitting substituted service on Defendant in Englewood, New Jersey via its wholly-owned subsidiary, Able US accordingly.

## CONCLUSION

For all the reasons stated, Plaintiff respectfully requests the Honorable Court to grant his motion for substituted service on Defendant accordingly. Alternatively, to the extent the Court denies this application, Plaintiff respectfully seeks no less than a 6-month extension to serve process in accordance with the Hague Service Convention.

Respectfully submitted,

**LEE, LLC**
*Attorneys for Plaintiff, Sehoon Chang*

Date: Aug. 11, 2023

/s/ Peter Y. Lee
By:_____
PETER Y. LEE, ESQ.

9