**LEE, LLC**
Peter Y. Lee, Esq.
770 River Road
PO Box 52
Edgewater, NJ 07020
(212) 808-0716
Peter.Lee@LeeAdvocates.Com E-Mail
*Attorneys for Plaintiff,*
*Sehoon Chang*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(Newark Vicinage)

| | |
|---|---|
| SEHOON CHANG,<br><br>            Plaintiff,<br><br>vs.<br><br>ABLE C&C CO. LTD.,<br><br>            Defendant. | Case 2:23-cv-02590-KSH-JRA<br><br>**AMENDED DECLARATION OF SEHOON CHANG**<br>Supersedes ECF 6-3 |

SEHOON CHANG hereby declares, pursuant to 28 U.S.C. §1746, under penalty of perjury, as follows:

1.    I am the Plaintiff in the above-captioned action and submit this declaration in support of my motion for substituted or constructive service on Defendant, Able C&C Co. Ltd. ("Defendant"). I have personal knowledge of the following facts and circumstances.

OVERVIEW

1

2. This action arises from my former employment with Defendant, a corporation based in South Korea, and publicly listed as "078520" with the Korea Composite Stock Price Index (KOSPI), previously known as the Korea Stock Exchange. As set forth in my complaint, I had a two-year employment contract with Defendant beginning early March 2020, followed by a two-year renewal contract effective March 2022: I was terminated April 28, 2023. I have attached **Exhibit A**: My complaint filed May 12, 2023.

3. Defendant engages in the manufacture and sale of cosmetics and personal care products through internet commerce. Defendant sells and distributes its products through numerous brands, including "Missha" and "Apieu." As set forth in my attorney, Peter Lee's accompanying declaration, Defendant had been transacting business in the United States long before my employment.

4. In an effort to establish a physical presence in the United States and accommodate the immense growth in internet commerce during the past decade, Defendant hired me to serve as the co-director, or co-CEO, of a wholly-owned subsidiary to be formed in the United States and based in the tristate area. Among other things, I was hired to streamline the importation of Defendant's products to the United States.

5. Upon joining Defendant's employ, my family and I relocated from South Korea to Tenafly, New Jersey, Bergen County, and I soon met Mr. Jae Ahn,

who turned out to be my co-CEO of the United States subsidiary to be formed. Like myself, Mr. Ahn also had a two-year contract with Defendant providing for very similar, if not identical terms. In or around early March 2020, Mr. Ahn and I located office space at 100 West Forest Avenue, Suite E, Englewood, New Jersey, Bergen County, and liaised with Defendant, which ultimately executed the guaranty for the lease.

6. On March 19, 2020, Mr. Ahn and I formed Delaware corporation, Able C&C US Inc. and registered same with the State of New Jersey. I have attached **Exhibit B**: Able C&C US Inc.'s papers filed on March 30, 2020, with the New Jersey Department of Treasury, identifying Mr. Jae Ahn and myself, only, and setting forth the Englewood, New Jersey address.

7. At Defendant's direction, Mr. Ahn and I also registered Able C&C US Inc. with the State of New York. I have attached **Exhibit C**: Able C&C US Inc.'s papers filed on May 19, 2021, with the New York Department of State.

8. Once Able C&C US Inc. was established, Defendant paid me (and Mr. Ahn), through Able C&C US Inc., the salary and benefits set forth in my employment contract.

RELEVANT FACTS WARRANTING
SUBSTITUTED OR CONSTRUCTIVE SERVICE

9. Throughout my entire employment with Defendant while residing in New Jersey, Mr. Ahn and I took orders only from Defendant's management team

in South Korea, including its CEO, Ms. Yoo Jin Kim a/k/a Eugene Kim, who regularly contacted us and has visited us in Englewood, New Jersey. Furthermore, Mr. Ahn and I reported only to Defendant's management team in South Korea: Able US (i.e., Mr. Ahn and myself) exercised no discretion or autonomy because it had none: As Defendant's employees, we were expected to operate, and we in fact operated the Englewood office no differently than Defendant's main office was operated in Seoul, South Korea.

10. For the following reasons, any papers or business going through Englewood, New Jersey, ultimately reach Defendant's office in Seoul, South Korea. The only difference in 100 West Forest Avenue, Suite E, Englewood, New Jersey, is the name of the tenant, Able C&C US Inc. Defendant's ties with both Able C&C US Inc. and the Englewood address are inseparable.

11. As an example, I provide **Exhibit D**: A relevant excerpt of Able C&C US Inc.'s bylaws signed March 1, 2022, by Defendant's CEO, Ms. Kim. Each and every individual sitting in the board of directors is a resident executive in Defendant's office in Seoul, South Korea.

12. Defendant's countless shipments to the United States also evidence its indirect "presence" in Englewood, New Jersey. For example, I have attached **Exhibit E**: A typical "certificate of origin" attached to shipments of Defendant's Missha and Apieu product, identifying Defendant as "exporter" and Able C&C US

Inc. as "importer" with <u>my</u> -- a Defendant employee's -- certification that the goods shipped in fact originated from my employer in South Korea.

13. As additional examples, I have attached **Exhibit F**: Many bills of lading, commercial invoices, and related papers accompanying or relating to Defendant's shipments, all showing a shipment from Defendant in South Korea to Able C&C US Inc. in New Jersey, with me, a Defendant employee, as the point of contact and the individual responsible for the accuracy of what is reported.

14. In sum, Able C&C US, Inc. is no different than Defendant: Defendant cannot transact business in the United States without Able C&C US, Inc. and its office in Englewood, New Jersey; and Able C&C US, Inc. cannot exist without Defendant. The accompanying shipment papers not only show Defendant's continuous contact with the State of New Jersey, but Able C&C US, Inc. has never had any independent existence from Defendant, or any autonomy or discretion in the handling of any Defendant business in North America. In fact, it was Defendant's CEO, Ms. Kim who had terminated my employment, thus resulting in this lawsuit.

15. Due to the circumstances, including Defendant's indirect presence here in this judicial district, I ask the Court to allow for substituted service on Defendant via its alter ego, Able C&C US, Inc., 100 West Forest Avenue, Englewood, New Jersey.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: Aug. 7, 2023

_____
SEHOON CHANG