

Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, NJ 07602-0800
201-489-3000   201-489-1536 fax

New York

Delaware

Maryland

Texas

Florida

Eric S. Latzer
Member
Admitted in NJ and NY

Reply to New Jersey Office
Writer's Direct Line: 201.525.6281
Writer's Direct Fax: 201.678.6281
Writer's E-Mail: ELatzer@coleschotz.com

September 27, 2023

**Via Electronic Case Filing**
Honorable José R. Almonte, U.S.M.J.
U.S. District Court, NJ District
Frank R. Lautenberg U.S. Post Office &
Courthouse Building
2 Federal Square
Newark, NJ 07101

  Re: Chang v. Able C&C Co. Ltd., Case No. 2:23-cv-02590-KSH-JRA

Dear Judge Almonte:

  We have been retained to represent Able C&C Co. Ltd. ("Able Korea"), the defendant in the above-referenced matter. This morning we became aware that Plaintiff has moved for entry of default against Able Korea. (Dkt. No. 12). For the reasons explained below, Plaintiff's request for entry of default is plainly improper and should be denied.

  We understand that by Order dated September 13, 2023, the Court granted Plaintiff's motion to serve Able Korea by substituted service on Able C&C US Inc. ("Able US"). (Dkt. No. 10). The Order provides, in relevant part, "that Plaintiff shall serve the Summons and Complaint upon Defendant in a manner consistent with this Order by October 31, 2023." (*Id.*). One day after the Order was entered, Plaintiff filed an affidavit of service which reflects that Plaintiff served the Complaint and Summons on Able US on August 16, 2023—approximately one month **before** the Court issued its Order. (Dkt. No. 11). Thus, Plaintiff did not effectuate service "in a manner consistent with" the Court's Order and indeed, the Order was not even *entered* at the time of service. Consequently, at the time the Complaint and Summons were served on Able US, there had been no determination that Able US could be served on behalf of Able Korea. The service, therefore, was invalid.

  Upon becoming aware of the Court's Order and Plaintiff's improper attempt to retroactively apply it, I contacted Plaintiff's counsel, Peter Lee, Esq. I advised that Able Korea disputes the effectiveness of the service but, nonetheless, I would accept service of the Complaint and Summons on its behalf. Mr. Lee, however, rejected that proposal. One day later—this morning—Plaintiff moved for entry of default against Able Korea. (Dkt. No. 12).

  Because Plaintiff has failed to effectuate service "in a manner consistent with" the Court's Order, his request for entry of default should be denied.



Honorable José R. Almonte, U.S.M.J.
September 27, 2023
Page 2

                                      Respectfully submitted,

                                      COLE SCHOTZ P.C.

                                      */s/ Eric S. Latzer*

                                      Eric S. Latzer

ESL:
cc:    Peter Lee, Esq. (via electronic filing)