UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

SEHOON CHANG,

        Plaintiff,

v.

ABLE C&C CO. LTD.,

        Defendant.

CIVIL ACTION NO. 2:23-cv-02590-KSH-JRA

*Document electronically filed.*

**JOINT PROPOSED DISCOVERY PLAN**

1. Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

    **Sehoon Chang ("Chang"):** Peter Y. Lee, Lee, LLC, 770 River Road, P.O. Box 52, Edgewater, NJ 07020, (212) 808-0716.

    **Able C&C Co. Ltd. ("Able"):** Joseph Barbiere and Eric S. Latzer, Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, NJ 07601, (201) 489-3000.

2. Set forth a brief description of the case, including the causes of action and defenses asserted.

    **Chang's Statement:**

    Briefly, Plaintiff has asserted claims against his former employer. Those claims comprise disputes over the parties' employment agreement providing for an "exit bonus" and the defendant employer's suspiciously-timed termination "without cause." Plaintiff also asserts a whistleblower claim against defendant under the Conscientious Employee Protection Act, NJSA 34:19-1, et seq., in connection with its unlawful practice of using false and fraudulent invoices to import certain drug-containing

products into the United States to avoid otherwise mandatory testing and necessary governmental approvals. Shortly after this action incepted, defense counsel commenced a retaliatory action against Plaintiff in NJ Superior Court, (Bergen County) through defendant's subsidiary for which Plaintiff admittedly had served as "co-CEO."

**Able's Statement:**

Able has filed a motion to dismiss Chang's complaint in its entirety. As more fully detailed in Able's motion, Chang is a former at-will employee of Able who contends he was entitled to a so-called "exit bonus" upon the termination of his employment. Chang's exit bonus claim, however, is barred by the plain and unambiguous terms of his employment agreement. Under the agreement, the exit bonus was to be paid to Chang only in the event that (i) a major shareholder of Able, IMM Private Equity, sells its stake in Able and (ii) Chang is still employed with the company at the time of the sale. The IMM transaction, however, never occurred, and indeed Chang does not allege that it did. Chang erroneously suggests in his Complaint that Able was obligated to continue his employment, against the company's will, just so that Chang might qualify at some undetermined future time for the exit bonus. Such a perverse theory is entirely at odds with Chang's employment agreement, which allows Chang to be terminated without cause for any reason, even before he can qualify for the exit bonus. To be clear, moreover, even if the IMM transaction is consummated in the distant future, it is of no moment, as Chang's ability to qualify for an exit bonus did not survive his termination, as required by his employment agreement. Thus, Chang's claim for an exit bonus fails under all circumstances.

In addition to his exit bonus claim, Chang seeks relief under the Conscientious

Employee Protection Act ("CEPA"). Chang alleges (falsely) that his termination was tied to his complaints regarding Able's compliance and/or alleged non-compliance with the Federal Food, Drug & Cosmetic Act. Yet Chang's contentions are directly contradicted by his own allegation that the "sole purpose" for his termination was Able's alleged desire to avoid paying his exit bonus. In other words, not even Chang himself believes that his termination was attributable to his alleged whistleblowing activities. Thus, Chang's CEPA claim must fail.

In short, Chang cannot, as a matter of law, sustain any of his claims against Able. Thus, Able believes it will prevail on its motion to dismiss and (as explained below) is asking this Court for a stay of discovery pending resolution of the motion.

3. Have settlement discussions taken place?  Yes _____  No ____X_____

   a. What was plaintiff's last demand?

      i. Monetary demand: $ _____

      ii. Non-monetary demand: _____

   b. What was defendant's last offer: $ _____

      i. Monetary offer: $ _____

      ii. Non-monetary offer: _____

4. The parties [have ____X_____ have not _____] met pursuant to Fed. R. Civ. P. 26(f).

5. The parties [have _____ have not ____X_____] exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefore. The parties will exchange the information by no later than December 29, 2023.

6. Explain any problems in connection with completing the disclosures by Fed. R. Civ. P.

3

26(a)(1).  None.

7. The parties [have _____ have not ____X_____] filed disclosures of third-party litigation funding.

8. The parties [have _____ have not ____X_____] conducted discovery other than the above disclosures.  If so, describe.

9. Proposed joint discovery plan:

   a. Discovery is needed on the following subjects:

   **Chang:**

   1) The "commercial invoices" presented in connection with the importation of certain products (which Plaintiff will reasonably describe)

   2) The ingredients of said products (which Plaintiff will reasonably describe)

   3) Defendant's internal decision-making process concerning Plaintiff's alleged termination "without cause," including the timing thereof

   4) The then-pending sale, disposition, or transfer of Defendant, its brand portfolio, its goodwill, and/or its assets at or around the time of Plaintiff's alleged termination "without cause"

   5) Any and all written agreements which Defendant claims is applicable to Plaintiff's employment

   **Able:**

   1) The basis of Chang's claims;

   2) Chang's entitlement to an "exit bonus";

   3) The terms of Chang's employment agreement;

   4) The termination of Chang's employment; and

  5) Chang's alleged "whistleblowing" activity.

b. Discovery [should _____ should not \_\_\_\_**X**\_\_\_\_\_] be conducted in phases limited to particular issues.  Explain.

c. Proposed schedule:

  i. Fed. R. Civ. P. 26 Disclosures: **December 29, 2024**.

  ii. E-Discovery conference pursuant to L. Civ. R. 26.1(d): **January 28, 2024**.

  iii. Service of initial written discovery: **February 1, 2024**.

  iv. Maximum of \_\_\_\_**25**_____ Interrogatories to be propounded by each party.

  v. Maximum of \_\_\_\_**3**_____ depositions to be taken by each party.

  vi. Motions to amend or to add parties to be filed by **March 1, 2024**.

  vii. Factual discovery to be completed by **September 30, 2024**.

  viii. Affirmative expert report(s) due on: **At this time, the parties do not anticipate relying on an expert report**, but do not waive same at this time.

  ix. Responsive expert report(s) due **30 days from receipt of any affirmative expert report**.

  x. Expert depositions to be completed by: **45 days after receiving responsive expert report(s)**.

  xi. Dispositive motions to be served within **60 days of expert discovery or, if no expert discovery is taken, 60 days from completion of fact discovery**.

d. Set forth any special discovery mechanism or procedure requested.  **None.**

e. A pretrial conference may take place on **at a time and date to be set by the Court**.

f. Trial date _____ (_____ Jury Trial; _____ Non-Jury Trial). **At a time**

**and date to be set by the Court.  Chang has demanded a trial by jury**.

10. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)? Yes __X__ No _____. If so, please explain. A translator may be needed. To the extent depositions may require witnesses based overseas, videotaped and/or remote depositions will be required.

11. Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.  Yes _____ No __X__.

12. Do you anticipate entry of a Discovery Confidentiality Order.  *See* L. Civ. R. 5.3(b) and Appendix S.  **Yes**.

13. Do you anticipate any discovery problem(s) not listed above?  Describe.  Yes _____ No __X__.

14. State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise).  If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).  **Able does not believe this case would be appropriate for voluntary arbitration or mediation as Chang's claims fail as a matter of law and should be dismissed**.  Notwithstanding, Chang believes the case is appropriate for arbitration.

15. Is this case appropriate for bifurcation?  Yes _____ No __X__.

16. An interim status / settlement conference (with clients in attendance), should be held <u>at a date and time to be set by the Court</u>.

66365/0001-46607530v1

17. We [do ___X___ do not _____] consent to the trial being conducted by a Magistrate Judge.

18. Identify any other issues to be addressed at the Rule 16 Scheduling Conference.  **Able has requested a stay of discovery pending resolution of its motion to dismiss, as set forth in its letter dated December 1, 2023 (Dkt. No. 25).  The parties' positions on Able's request are as follows**:

**Able's Position:**
Able seeks a short stay of discovery while its motion to dismiss is pending. Able would be prejudiced if it is required to engage in discovery while its motion is pending.  The motion seeks dismissal of all claims and is predicated (in large part) on a legal issue—namely, the interpretation of Chang's employment agreement.  If a stay is imposed, Chang would not bear any prejudice as this matter is in its infancy and as the pending motion has now been fully briefed to this Court.

**Chang's Position**: For reasons set forth in ECF 26 (our response to defense counsel's ECF 25 letter seeking discovery stay), Defendant's grounds for seeking dismissal are questionable at best. Chang wishes for discovery to proceed in the ordinary course.

Attorneys for Plaintiff / Dated: December 15, 2023

*/s/ Peter Y. Lee*

Attorneys for Defendant / Dated: December 15, 2023

COLE SCHOTZ P.C.

   */s/ Eric S. Latzer*
Joseph Barbiere
Eric S. Latzer

7