

Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, NJ 07602-0800
201-489-3000   201-489-1536  fax
—
New York
—
Delaware
—
Maryland
—
Texas
—
Florida

Eric S. Latzer
Member
Admitted in NJ and NY

Reply to New Jersey Office
Writer's Direct Line: 201.525.6281
Writer's Direct Fax: 201.678.6281
Writer's E-Mail: ELatzer@coleschotz.com

March 27, 2024

**<u>Via Electronic Case Filing</u>**
Honorable Jose R. Almonte
United States District Court, District of New Jersey
Frank R. Lautenberg U.S. Post Office & Courthouse Building
2 Federal Square
Newark, NJ 07102

      Re:    Chang v. Able C&C Co. Ltd.,
              Civil Action No. 23-cv-02590-KSH-JRA

Dear Judge Almonte:

      This firm represents Defendant in the above-captioned matter.  We write in response to Plaintiff's correspondence, filed last evening, in which he falsely insinuated that Cole Schotz obtained "Plaintiff's confidential information" from a "third-party attorney," Joshua Lim, Esq., who purportedly "rendered legal advice to Plaintiff long before this action had incepted."  (Dkt. No. 32).  Plaintiff made a similar accusation in the joint status letter, also filed last evening, in which Plaintiff—for the first time—advised of his intent to seek Cole Schotz's disqualification ostensibly due to a conflict of interest.  (Dkt. No. 31).  To be clear, there exists no conflict of interest—either with Cole Schoz or Mr. Lim's firm—as neither ever represented Plaintiff in any manner whatsoever.

      As part of the joint status letter, we explained why Plaintiff's "conflict" allegations are baseless because, among other reasons, Mr. Lim served as Defendant's *corporate counsel* and indeed Plaintiff acknowledged as much in the joint status letter.  We further explained, and Mr. Lim has confirmed to us, that Mr. Lim did ***not*** represent Plaintiff individually.

      In an apparent response to the position we set forth in the joint status letter, Plaintiff submitted to the Court a copy of a $5,000 check that he issued to Mr. Lim's law firm in April 2020.  (Dkt. No. 32-1).  This check, Plaintiff would have the Court believe, evidences that Mr. Lim represented Plaintiff individually.  Plaintiff's characterization of the check, however, is demonstrably false.

      What Plaintiff fails to tell the Court is that he issued the check in connection with *Defendant's* retention of Mr. Lim's firm.  In fact—as Plaintiff is well aware—***Defendant reimbursed Plaintiff for the $5,000 payment to Mr. Lim***.  Specifically, documentary evidence confirms that on May 15, 2020, Plaintiff himself sought reimbursement for the payment—he submitted an expense reimbursement form to which he attached a copy of the very same check



Honorable Jose R. Almonte
March 27, 2024
Page 2

that Plaintiff submitted to this Court.  Attached as Exhibit 1 is a copy of Plaintiff's reimbursement request.  Ultimately, Defendant did reimburse Plaintiff for the retainer payment by corporate check #2005, in the amount of $5,000, issued on or about May 28, 2020.[1]  Of course, the reason why Defendant reimbursed Plaintiff is because Mr. Lim was retained to represent **Defendant**, *not* Plaintiff.  Indeed, at the same time he paid Mr. Lim's retainer, Plaintiff (as co-Chief Executive Officer) caused Defendant—not Plaintiff, individually—to enter into an engagement agreement with Mr. Lim's firm.  The engagement agreement reflects Defendant as the client and was signed by Plaintiff in his capacity as the co-Chief Executive Officer.  In short, Plaintiff's "smoking gun" evidence does not withstand scrutiny.

Respectfully,

COLE SCHOTZ P.C.

*/s/ Eric S. Latzer*

Eric S. Latzer

---

[1] We understand that Plaintiff initially paid the retainer using a personal check because at the time Defendant's United States subsidiary, for whom Chang served as co-Chief Executive Officer, had not been formally established.

# Exhibit 1

# ABLE C&C US, INC
CREATION & COMMUNICATION

## Expense Reimbursement Request

| | | | | |
|---|---|---|---|---|
| Signature | | | | |
| Name | Employee | | | Accounting |
| Date | | | | |

| | | | |
|---|---|---|---|
| Department: | Admin | Request Date: | 05/15/2020 |
| Employee Name: | Sehoon Chang | Employee Number: | |
| Reimbursement Amount: | #### | Expense Period: | 04/13/2020 |

| Date | Description (Vendor Name) | Total Miles | Mileage | Meal & Entertainment | Office Supply | Parking | Transportation | Toll | Postages | Others | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 04/13/2020 | KCL Law Firm | | $ - | | | | | | | $ 5,000.00 | $ 5,000.00 |
| | | | $ - | | | | | | | | $ - |
| | | | $ - | | | | | | | | $ - |
| | | | $ - | | | | | | | | $ - |
| | | | $ - | | | | | | | | $ - |
| | | | $ - | | | | | | | | $ - |
| | | | $ - | | | | | | | | $ - |
| | | | $ - | | | | | | | | $ - |
| | | | $ - | | | | | | | | $ - |
| | | | $ - | | | | | | | | $ - |
| | | | $ - | | | | | | | | $ - |
| | | | $ - | | | | | | | | $ - |
| | | | $ - | | | | | | | | $ - |
| Total | | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 5,000.00 | $ 5,000.00 |
| | | | | | | | | | Amount Total | | $ 5,000.00 |

1. The mileage reimbursement rate is 57.5 cents per mile utilizing the Internal Revenue Service's Optional Standard Mileage Rates.
2. All claims for reimbursement must be submitted by the 15th day of each month for the previous month expenses. Claims submitted after the deadline will be subject to decline.
3. Attach the payment receipts on a separate sheet of paper. Claims without any forms of written documents will be subject to decline.
4. Any signle expense more than $100 is subject to pre-approval by the Chief Officer.

Remarks

https://mail.google.com/mail/u/0/#search/joshua+check/LBPXNxhXTrcsbDVCVLMspWsKBfGygsRDnFNTVbdcKrxXGtHtvnzlmwFKRjTtWpcKBx...   1/1

