**PETER Y. LEE**
ATTORNEY AT LAW

| | |
|---|---|
| 770 RIVER ROAD | (212) 808-0716 TEL |
| P.O. BOX 52 | (212) 808-0719 FAX |
| EDGEWATER, NJ 07020 | PETER.LEE@LEEADVOCATES.COM |

April 22, 2024

Hon. José R. Almonte, U.S.M.J.
U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

      Re   Sehoon Chang vs. Able C&C Co. Ltd.
           D.N.J. Case 2:23-cv-02590-KSH-JRA

Dear Judge Almonte:

      On behalf of Plaintiff and for the following reasons, we respectfully request a 30-day extension of time to conduct the deposition of Mr. Joshua Lim, Esq., as set forth in the Court's ECF 42 order. Defendant's attorney, Mr. Eric Latzer opposes this request.

      For the convenience of the Court, we provide a brief summary of the background of the ECF 42 order. On April 2, 2024, the Court conducted a status conference, where the parties had discussed "conflict of interest" issues relating to Mr. Latzer's admitted prior consultations with Mr. Lim, whom Plaintiff has asserted a client-attorney or prospective client-attorney relationship as to the very subject matter of this litigation, among other things. The Court expressed skepticism about Plaintiff's claim due to the absence of any retainer agreement at the time, but allowed Plaintiff 30 days to conduct the deposition of Mr. Lim to explore the "conflict" issue further.

      (Since our conference call, Plaintiff has located two retainer agreements with Mr. Lim and his law office: We attach Mr. Chang's retainer agreement dated April 10, 2020, and subsequent agreement dated December 18, 2020, as Exhibit 1 and Exhibit 2, respectively. The former identifies Plaintiff as "client" on "labor/employment" matters, while the latter identifies Plaintiff as "individual client" for "general counseling" matters.)

April 22, 2024
Page 2

On April 16, we served a deposition subpoena on Mr. Lim, returnable April 30, 2024. We attach the subpoena and proof of service as Exhibit 3 and Exhibit 4, respectively.

On April 17, Mr. Seokchan Kwak, an attorney from Mr. Lim's law office, wrote me and Mr. Latzer that Mr. Lim is "not available in the week of 4/29 because he will be on trial." Accordingly, I replied "to all" the same day and offered additional dates in May, with the intention of later apprising the Court of scheduling conflicts and requesting additional time for the deposition to take place. That evening, Mr. Latzer emailed me, Mr. Kwak and Mr. Lim: "Your deadline to conduct the deposition is May 2. We do not consent to any extension of that deadline."

On Friday night, April 19, Mr. Kwak sent me the following reply: "We will not consent to extending the date beyond 5/2 absent an order extending it."

Due to the circumstances, we ask for the Court's patience and understanding and allow us until Monday, June 3, 2024, to conduct the deposition of Mr. Lim and otherwise carry out Plaintiff's subpoena, or pursue motion practice to enforce the subpoena. Alternatively, we respectfully request leave to bring a motion seeking disqualification of the Cole Schotz law office, including Mr. Latzer, given Plaintiff's retainer agreements showing his attorney-client relationship with an attorney with whom Mr. Latzer admittedly has consulted regarding Plaintiff and this action. We can file a motion by Tuesday, April 30, 2024.

We thank the Court for Your Honor's valuable consideration.

Respectfully,

/s/ Peter Y. Lee

PETER Y. LEE

PYL/ddh
cc:   Mr. Seokchan Kwak, Esq.
      Mr. Eric S. Latzer, Esq.