# PETER Y. LEE
### ATTORNEY AT LAW

| | |
|---|---|
| 770 River Road | (212) 808-0716 Tel |
| P.O. Box 52 | (212) 808-0719 Fax |
| Edgewater, NJ 07020 | Peter.Lee@LeeAdvocates.com |

April 22, 2024

Hon. José R. Almonte, U.S.M.J.
U.S. Courthouse

    Re Sehoon Chang vs. Able C&C Co. Ltd.
      D.N.J. Case 2:23-cv-02590-KSH-JRA

Dear Judge Almonte:

  We respond to Mr. Eric Latzer's ECF 45 letter. To say that Mr. Latzer vigorously opposes any further inquiry into his dealings with Mr. Joshua Lim is an understatement, even where Mr. Latzer continues to insist there is "no conflict" while acknowledging that he has been conferring with Mr. Lim regarding Plaintiff and this action. To the extent a brief extension of time to accommodate Mr. Lim's schedule prejudices no party or attorney, Mr. Latzer's vehement objection is disproportional to Plaintiff's grave concerns that his confidences have been compromised.

  During our telephone conference on April 2, 2024, the Court expressed skepticism about Plaintiff's "conflict" claim to the extent there is no writing showing an attorney-client relationship between Mr. Lim and Plaintiff. For this reason the Court gave Plaintiff 30 days to conduct Mr. Lim's deposition and report back to the Court. Fortunately, Plaintiff has located such writings: Mr. Latzer certainly does not deny that Plaintiff is identified as the "client" therein. (Mr. Latzer's efforts to explain the intentions of each signer to the retainer agreements do not dignify any response. Mr. Latzer is not a party to either agreement, was never involved in any of Plaintiff and Mr. Lim's dealings at any time relevant to either agreement and has no personal knowledge over Plaintiff's "client" relationship with Mr. Lim and his office.)

  We are now aware that Plaintiff's subpoena to Mr. Lim did not go out as fast as Mr. Latzer prefers. However, Plaintiff's subpoena in fact had issued in accordance with the ECF 42 order: Mr. Lim's schedule was certainly not known to us then. To the extent Mr. Latzer insists that Plaintiff should be responsible for Mr. Lim's schedule, I had personal circumstances at home early this month involving my sick child: Judge Bongiovanni's email records will confirm that I had notified Her Honor's Chambers, in early April, about my circumstances at the time and

April 22, 2024
Page 2

requested additional time for certain motion filings at the time in a pending case before Her Honor. My priorities at home did not allow me to attend to other obligations at the time. (At any rate, we have little confidence that we can ever satisfactorily address Mr. Latzer's unrelenting dissatisfaction about scheduling matters, including "alternative dates" which conflict with existing commitments.)

Finally, Mr. Latzer brings up state court discovery matters relating to a case which he had brought against Plaintiff in response to this action. (We have attached a copy of Mr. Latzer's Superior Court complaint, the nature of which further amplifies the need to address Plaintiff's "conflict" claim.[1]) To the extent Mr. Lim and his law office have concerns about any discovery matters, they are certainly able enough to have such concerns addressed in the appropriate forum. Indeed, Mr. Latzer and his law office do not represent Mr. Lim and his law office in any capacity, whether in this action or Mr. Latzer's Superior Court action: Mr. Latzer's observations about unrelated discovery matters outside this action do not warrant discussion or this Honorable Court's valuable time.

In sum, we respectfully request the Court to allow us additional time to complete the subpoenaed deposition of Mr. Lim. Alternatively, to the extent we have produced two retainer agreements identifying Plaintiff as a former "client" of Mr. Lim and his law office, Plaintiff respectfully requests leave to bring a motion seeking disqualification of the Cole Schotz law office, including Mr. Latzer. We thank the Court for Your Honor's valuable consideration.

Respectfully,

/s/ Peter Y. Lee

PETER Y. LEE

PYL/ddh/enc.
cc:   Mr. Seokchan Kwak, Esq.
      Mr. Eric S. Latzer, Esq.

---

[1] Mr. Latzer's Superior Court complaint contains countless accusations against Plaintiff -- many of them criminal in nature -- that are extremely sensitive and personal in nature, involving Plaintiff's wife, his home, his finances, and the like. Coincidentally or not, Plaintiff had confided in Mr. Lim about such matters in connection with their confidential relationship several years ago. The "state court subpoenas" are necessary given Mr. Latzer's own recent acknowledgment that he has been conferring with Mr. Lim about this case, the Superior Court case and Plaintiff.