# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| SEEHON CHANG,<br><br>Plaintiff,<br><br>v.<br><br>ABLE C&C CO. LTD.,<br><br>Defendant. | Civil Action No.<br><br>23-cv-02590 (KSH) (JRA)<br><br>**ORDER** |

**THIS MATTER** having come before the Court by way of a Motion to Disqualify Counsel (ECF No. 82, the "Motion") by Defendant Able C&C Co. Ltd. ("Defendant" or "Able South Korea"); and Defendant seeking, among other things, disqualification of Plaintiff Seehon Chang's ("Plaintiff") counsel, Peter L. Lee, Esq.("Mr. Lee"); and Plaintiff and Mr. Lee having opposed the Motion (ECF No. 83); and the Court having considered the parties' arguments as asserted through the parties submissions in connection with the Motion; and the Court having held a hearing on the record with the parties on December 17, 2024; and the Court having ordered additional briefing for consideration (ECF Nos. 105, 107);

**IT IS** on this **17th** day of **April 2025**, **ORDERED** that:

1. Defendant's Motion (ECF No. 82) is **GRANTED**.
2. Mr. Lee is immediately disqualified as Plaintiff's counsel and is prohibited from taking further action in this matter except as follows:
    a. By **May 8, 2025**, and to the extent they have not done so, Mr. Lee and Plaintiff shall produce and delete all documents and communications

between Plaintiff and Mr. Lim and/or anyone at Mr. Lim's firm. Plaintiff need not produce privileged communications exchanged between himself and Mr. Lee; however, if Plaintiff is claiming privilege, Plaintiff shall produce a privilege log.

b. By **May 8, 2025**, and to the extent they have not done so, Mr. Lee and Plaintiff shall produce all documents and communications Plaintiff received in his capacity as co-CEO Able USA. If the parties do not agree on whether those documents are otherwise discoverable, the parties may raise the issue with the Court.

c. By **May 16, 2025**, Mr. Lee and Plaintiff shall each file a declaration, executed under penalty of perjury, confirming that Mr. Lee and Plaintiff have complied with paragraphs 2(a) and 2(b).

d. Mr. Lee and Plaintiff shall sit for depositions to allow Able South Korea the opportunity to inquire about the steps Plaintiff and Mr. Lee took to search, return, and purge have all confidential and privileged materials inappropriately in their possession. These depositions shall be completed by **June 16, 2025**.

e. By **June 20, 2025**, Mr. Lee shall file a letter notifying the Court that his notice of appearance may be terminated.

3. Mr. Lee shall pay Able South Korea's attorney's fees in connection with the filing of the instant Motion. Able South Korea must submit to the Court a fee petition with supporting materials within seven (7) days of the date of this

Order so the Court may determine the amount of monetary sanctions to be awarded. Mr. Lee is permitted to submit any objections to the amounts claimed in the fee petition within seven (7) days of the filing of Defendants' fee petition.

4. By **May 16, 2025**, new counsel for Plaintiff shall file an appearance, or Plaintiff shall notify the Court whether he intends to proceed *pro se*.

5. Finally, if Plaintiff hires a new attorney, within **sixty (60) days** of being retained, new counsel shall conduct due diligence and certify that Plaintiff has complied with the conditions set forth above.

6. Discovery is stayed pending appearance of new counsel for Plaintiff or Plaintiff's confirmation that he will be proceeding *pro se. See* L.Civ.R. 16.1(a)(1) (discovery may be stayed by the Magistrate Judge "due to pendency of a dispositive or other motion"); *Gerald Chamales Corp. v. Oki Data Americas, Inc.*, 247 F.R.D. 453, 454 (D.N.J. 2007).

_____
HON. JOSÉ R. ALMONTE
UNITED STATES MAGISTRATE JUDGE