# COLE SCHOTZ P.C.

Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, NJ 07602-0800
201-489-3000   201-489-1536 fax

New York
—
Delaware
—
Maryland
—
Texas
—
Florida

Eric S. Latzer
Member
Admitted in NJ and NY

Reply to New Jersey Office
Writer's Direct Line: 201.525.6281
Writer's Direct Fax: 201.678.6281
Writer's E-Mail: ELatzer@coleschotz.com

April 24, 2025

**Via Electronic Case Filing**
Honorable Jose R. Almonte
United States District Court, District of New Jersey
Frank R. Lautenberg U.S. Post Office & Courthouse Building
2 Federal Square
Newark, NJ 07102

      Re:    Chang v. Able C&C Co. Ltd., Civil Action No. 23-cv-02590-KSH-JRA

Dear Judge Almonte:

This firm represents Defendant Able C&C Co. Ltd. ("Able") in the above-captioned matter. Able respectfully submits this letter brief in support of its petition seeking an award of attorneys' fees incurred in connection with Able's filing and successful prosecution of its Motion to Disqualify Plaintiff's Counsel, to Sanction Plaintiff and his Counsel, and for Related Relief, [Doc. No. 82] (the "Motion"). This Court has already determined, pursuant to its Opinion and Order of April 17, 2025, that Able is entitled to recover from Plaintiff's counsel, Mr. Peter Y. Lee, the fees incurred in connection with Motion. [Doc. No. 117 at 30 ("Mr. Lee, but not Plaintiff, is ordered to pay Able South Korea's attorney's fees and expenses in connection with the instant Motion.")]. For the reasons set forth below and in my accompanying Declaration, Able respectfully requests that the Court award it fees in the amount of **$63,557.50**.

The accompanying Declaration sets forth the information required by Local Civil Rule 54.2(a).[1]  *See Lin v. Hudson City Savings Bank*, No. 18-15387(RK)(JBD), 2024 WL 1704740, at

---

[1] Local Civil Rule 54.2(b) is inapplicable because the Court has already determined that Able is entitled to recover attorneys' fees. *See Great Western Min. & Mineral Co. v. ADR Options,*



Honorable Jose R. Almonte
April 24, 2025
Page 2

*2 (D.N.J. Apr. 19, 2024) (stating that "an attorney seeking compensation for services rendered in actions in which the Court orders that a party pay another party's attorneys' fees" must comply with Local Civil Rule 54.2). Specifically, the Declaration and the billing report (attached to the Declaration as Exhibit A) provide detailed information regarding the extensive services that Cole Schotz performed in connection with the Motion. Those services included:

- Investigation and analysis of Mr. Lee's and Plaintiff's misconduct giving rise to the Motion, including a review of ethical issues, correspondence with Mr. Lee regarding the same, and related considerations regarding the scope and implications of the misconduct;

- Legal research and analysis concerning issues underlying the Motion, including with respect to disqualification, privilege, and the Rules of Professional Conduct;

- Drafting of the Motion papers, including a comprehensive memorandum of law and declaration in support thereof;

- Review and analysis of Chang and Mr. Lee's opposition to the Motion;

- Preparation and filing of a reply brief in further support of the Motion;

- Preparation for an oral argument regarding the Motion, which included analysis of anticipated counterarguments and drafting of an argument outline;

- Two in-person hearings relating to the Motion; and

- Preparation of Court-Ordered, post-oral argument supplemental briefing concerning Able's standing to assert privilege.

Decl. at ¶ 5, Exhibit A; *id.* at ¶ 19.

---

*Inc.*, No. 09–2907 (FLW), 2012 WL 5200068, at *1 (D.N.J. Oct. 22, 2012) ("The Court already has awarded attorney fees to Defendants as sanctions against Plaintiff's counsel. Therefore, Rule 54.2(b) is inapplicable to the present matter because there is no "application" for attorney fees.").

66365/0002-49897460v1



Honorable Jose R. Almonte
April 24, 2025
Page 3

The Declaration also describes the billing rates for, and hours billed by, the individuals who performed services in connection with the Motion and includes descriptions of the professional experiences of the individuals who performed the services. *See* L. Civ. R. 54.2(a). The billing rates and hours performed are summarized as follows:

| Name | Position | Experience | Rate (Prior to 9/1/24) | Rate (9/1/24 – Present)[2] | Total Hours Billed | Total Amount Billed |
|---|---|---|---|---|---|---|
| Eric S. Latzer | Member | 14 years | $650 | $750 | 37.80 | $27,125.00 |
| Joseph Barbiere | Member | 24 years | $825 | $900 | 4.15 | $3,660.00 |
| J. Michael Pardoe | Associate | 8 years | $495 | $585 | 59.10 | $31,261.50 |
| Danielle Delehanty | Paralegal | 18 years | $365 | $400 | 3.90 | $1,511.00 |
| **Total:** | | | | | **104.95** | **$63,557.50** |

Decl. at ¶¶ 18, 21.

Because the Court has determined that fees should be awarded, [*see* Doc. No. 117 at 30], "all that remains for the Court in this case is [determining] the amount of those fees." *See ADR Options, Inc.*, 2012 WL 5200068, at *1. To determine the amount of fees that should be awarded, the Court reviews the reasonableness of the hourly rates and the reasonableness of the hours expended. *Lin*, 2024 WL 1704740, at *3-4. "When assessing the reasonableness of hourly rates, the Court considers the 'relevant community' and the prevailing market rates applicable therein." *Id.* at *3 (quoting *Ins. Brokerage Antitrust Litig.*, 297 F.R.D. 136, 157 (D.N.J. 2013)). This

---

[2] As noted in the Declaration, the billing rates changed as of September 1, 2024. Decl. at ¶ 18. Typically, all rates at Cole Schotz increase each year (as of September 1) based on certain market factors and forecasts.



Honorable Jose R. Almonte
April 24, 2025
Page 4

typically "requires the Court to apply the hourly rates prevailing in the forum of the litigation"—here, the New York/Northern New Jersey area. *See id.*

As demonstrated in my Declaration, the hourly rates for the individuals who performed work in connection with the Motion are more than reasonable. Indeed, in the related state court matter that Able's United States affiliate, Able C&C US, Inc. ("Able US"), is pursuing against Plaintiff in the Superior Court of New Jersey (the "State Court Matter"), the Honorable Mary F. Thurber, J.S.C., expressly found—in an Order awarding sanctions against Mr. Lee—that **Cole Schotz's hourly rates are "well within the normal, reasonable hourly rates for Bergen County for civil litigation attorneys and paralegals with these levels of experience**." Decl. at ¶ 25, Ex. B. Specifically, in assessing the hourly rates of the same attorneys (excluding Mr. Barbiere) who performed work in connection with the Motion, Judge Thurber found:

> This Court has had frequent occasion to review attorney affidavits of service and fee requests in civil matters pending in Bergen County since 2015. Prior thereto, this judge served in the Family Part, where fee applications were also plentiful. *The hourly rates requested by [Able US] are well within the normal, reasonable, hourly rates for Bergen County for civil litigation attorneys and paralegals with these levels of experience*.

Decl., Ex. B, p. 22. (emphasis added).

Consistent with Judge Thurber's ruling, this Court should also conclude that Cole Schotz's hourly rates for the individuals who performed work in connection with the Motion are reasonable.

The Court should also find reasonable the hours Cole Schotz expended in connection with the Motion. "[A] court awarding fees must 'decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are 'excessive, redundant, or otherwise unnecessary.'" *Interfaith Cmty. Org. v. Honeywell Intern, Inc.*, 426 F.3d 694, 710 (3d Cir. 2005). As demonstrated above and in my Declaration, the hours Cole Schotz



Honorable Jose R. Almonte
April 24, 2025
Page 5

expended in connection with the Motion are more than reasonable. Cole Schotz performed extensive legal services, including preparation and filing of detailed and comprehensive moving and reply papers which incorporated complex legal research and analysis regarding attorney ethics, the attorney-client privilege, and attorney disqualification; preparation for and attendance at two in-person hearings; and legal research and preparation and filing of a post-hearing submission addressing who holds the attorney-client privilege. The hours expended were neither excessive, redundant, nor unnecessary. Decl. at ¶ 5, Ex. A.

Moreover, "'**the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained**.'" *Piccinetti v. Clayton, Myrick, McClanahan & Coulter, PLLC*, No. 16-4032 (TJB), 2022 WL 2373944, at *3 (D.N.J. June 30, 2022) (emphasis added) (quoting *Farrar v. Hobby*, 506 U.S. 103, 114 (1992)). Here, there is no question that Cole Schotz has satisfied this "most critical factor" as the work it performed resulted in the Court granting the Motion, sanctioning Mr. Lee, and ordering the "drastic measure" of disqualifying him as Plaintiff's counsel.

\* \* \* \*

For the foregoing reasons and those set forth in my Declaration, Able should be awarded, and Mr. Lee should be directed to pay $63,557.50, which represents the fees that Able incurred and paid in connection with the Motion. Able respectfully requests that the Court immediately enter judgment against Mr. Lee for the fees awarded. Able makes this request based on Able US's prior experience with Mr. Lee. Specifically, Mr. Lee refused, for many months, to comply with the Order entered in the State Court Matter (attached as Exhibit B to my Declaration) which directed Mr. Lee to pay sanctions to Able US within thirty days. Mr. Lee's non-compliance with



Honorable Jose R. Almonte
April 24, 2025
Page 6

Judge Thurber's Order resulted in Able US incurring substantial additional fees seeking to obtain a judgment against Mr. Lee and litigating over Mr. Lee's excuses for failing to make payment.

Additionally, Able respectfully requests that the Court allow Able to recover from Mr. Lee and/or Plaintiff the fees and expenses (i) incurred in connection with filing this petition, and (ii) that will be incurred in connection with the work contemplated by the Court's April 17, 2025 Order, including deposing Mr. Lee and Plaintiff.

Respectfully,

COLE SCHOTZ P.C.

*/s/ Eric S. Latzer*

Eric S. Latzer