## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

SEHOON CHANG,

          Plaintiff,

          v.

ABLE C&C CO. LTD.,

          Defendant.

Civil Action No.

23-cv-02590 (KSH) (JRA)

**OPINION AND ORDER**

**José R. Almonte, U.S.M.J.**

Defendant Able C&C Co. Ltd. ("Able South Korea") moves for an award of attorneys' fees against Peter Y. Lee, Esq. ("Mr. Lee") (the "Motion")—an attorney who previously represented Plaintiff Sehoon Chang ("Plaintiff") but was disqualified from this litigation due to violating the New Jersey Rules of Professional Conduct. Dkt. Nos. 158, 172. Mr. Lee opposes the Motion. Dkt. No. 171. The Court has reviewed the parties' arguments in their submissions and decides the Motion without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons that follow, the Court will grant the Motion in substantial part, only reducing the attorneys' fees from $111,526.50 to $110,897.

## BACKGROUND AND PROCEDURAL HISTORY[1]

This Court disqualified Mr. Lee as Plaintiff's counsel due to his violation of the New Jersey Rules of Professional Conduct arising from his mishandling of privileged documents, as more specifically set forth in this Court's April 17, 2025 Opinion (the "Disqualification Ruling").[2]  *See generally* Dkt. Nos. 117–18.  In addition to disqualification, this Court imposed sanctions on Mr. Lee, requiring him to "pay Able South Korea's attorneys' fees in connection with the filing of the instant [m]otion" to disqualify him.  Dkt. No. 118 ¶ 3.  The law firm Cole Schotz P.C. has been representing Able South Korea throughout this litigation, including in the instant Motion.

Mr. Lee appealed the Disqualification Ruling to the District Judge, but only as to the sanctions imposed.  Dkt. No. 129-2 at 2.  The Court then administratively terminated Able South Korea's original motion for attorneys' fees (Dkt. No. 121) pending a decision on the appeal.  The Honorable Katharine S. Hayden, U.S.D.J., denied Mr. Lee's appeal on November 12, 2025 (Dkt. Nos. 153–54), after which Able South Korea renewed its Motion for attorneys' fees that is now before the Court.  Dkt. No. 158.  Able South Korea requests an award of $111,526.50 in attorneys' fees it incurred in connection with the Motion to Disqualify, inclusive of the fees incurred

---

[1] The Court assumes the parties' familiarity with the factual and procedural background of this matter given the long history of the case.  Therefore, the Court includes only the factual and procedural history necessary to decide the current dispute.

[2] As noted more thoroughly in this Court's opinion at Dkt. No. 117, Able South Korea took issue with Mr. Lee's actions in this case long before the Court issued its Disqualification Ruling and sought disqualification of Mr. Lee since May 2024.  *See, e.g.*, Dkt. Nos. 54–61, 66, 80.

(1) prior to the Disqualification Ruling, (2) in connection with Mr. Lee's appeal, and (3) in the filing of Able South Korea's original motion for attorneys' fees.  *See* Dkt. No. 158-1 at 2.  The requested amount of attorneys' fees represents the fees incurred for roughly 176.1 hours of work performed by three attorneys and one paralegal at Cole Schotz.[3]

## LEGAL STANDARD

The party seeking an award of attorneys' fees bears the burden of demonstrating that its request is reasonable.  *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 703 n.5 (3d Cir. 2005).  Courts begin with the lodestar calculation "by calculating the 'number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'"  *McKenna v. City of Phila.*, 582 F.3d 447, 455 (3d Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  "To meet its burden, the fee petitioner must 'submit evidence supporting the hours worked and rates claimed.'"  *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990) (quoting *Hensley*, 461 U.S. at 433).  The evidence must be specific, and a request for fees "must be accompanied by 'fairly definite information as to hours devoted[']" to the activities underlying the fee application.  *United Auto. Workers Loc. 259 Soc. Sec. Dep't v. Metro Auto Ctr.*, 501 F.3d 283, 291 (3d Cir. 2007) (quoting *Evans v. Port Auth.*, 273 F.3d 346, 361 (3d Cir. 2001)).  The opposing party may then challenge the reasonableness

---

[3] Able South Korea sets forth the billing rates and hours performed as follows: prior to September 1, 2024 – Eric S. Latzer $650 per hour; Joseph Barbiere $825 per hour; J. Michael Pardoe $495 per hour; and Danielle Delehanty $365 per hour. After September 1, 2024 – Eric S. Latzer $750 per hour; Joseph Barbiere $900 per hour; J. Michael Pardoe $585 per hour; and Danielle Delehanty $400 per hour.  *See* Dkt. No. 158-1 at 4.

3

of the sum demanded, "by affidavit or brief with sufficient specificity to give fee applicants notice." *Rode*, 892 F.2d at 1183 (citation omitted). Once the party opposing the fee petition has made a specific objection, "the burden is on the prevailing party to justify the size of its request." *Interfaith Cmty. Org.*, 426 F.3d at 711. Courts possess "substantial discretion to determine what constitutes reasonable attorneys' fees." *United States ex rel. Palmer v. C&D Techs., Inc.*, 897 F.3d 128, 137 (3d Cir. 2018).

## DISCUSSION

### A. Hourly Rates

A party seeking fees bears "the burden of establishing by way of satisfactory evidence, in addition to [their] own affidavits, . . . that the requested hourly rates" are "reasonable in light of the prevailing rates 'in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Clemens v. N.Y. Cent. Mut. Fire Ins. Co.*, 903 F.3d 396, 402 (3d Cir. 2018) (quoting *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001)). Detailed time records may satisfy that burden. *Fed. Home Loan Mortg. Corp. v. River Assocs.*, No. 92-2666 (CSF), 1993 WL 21073, at *2 (D.N.J. Jan. 19, 1993) (citing *Hensley*, 461 U.S. at 429), *aff'd*, 8 F.3d 811 (3d Cir. 1993). Courts possess substantial discretion when deciding the reasonableness of fees; however, in exercising its discretion "a district court should not determine the hourly rate based upon a generalized sense of what is customary or proper, but rather must rely on the record." *FTC v. Circa Direct LLC,* 912 F. Supp. 2d 165, 173 (D.N.J. 2012) (citation omitted); *see also L.J. ex rel. V.J. v. Audubon Bd.*

4

*of Educ.*, 373 Fed. App'x 294, 297 (3d Cir. 2010) (if plaintiffs fail to sustain their burden with respect to a reasonable market rate, the district court "must use its discretion to determine the market rate.").

"The applicant attorney's customary billing rate for fee-paying clients ordinarily is the best evidence of his market rate, although that information is not necessarily conclusive." *Glass v. Snellbaker,* No. 05-1971 (JBS), 2008 WL 4416450, at *4 (D.N.J. Sep. 23, 2008) (quotations omitted). References to other matters in the District of New Jersey where rates have been approved for "similar work in similar cases" are instructive and may support a finding that the requested rates are reasonable. *In re Johnson & Johnson Derivative Litig.*, No. 10-2033 (FLW), 2013 WL 11228425, at *63 (D.N.J. June 13, 2013), *adopted by*, No. 10-2033 (FLW), 2013 WL 6163858 (D.N.J. Nov. 25, 2013); *Holzhauer v. Hayt, Hayt & Landau, LLC*, No. 11-2336 (FLW), 2012 WL 3286059, at *3 (D.N.J. Aug. 10, 2012) ("The Court finds that the hourly rates proposed by [the law firm Kimmel & Silverman, P.C.] are reasonable. In cases in the District of New Jersey and the Eastern District of Pennsylvania, equal or greater hourly rates for K&S have been approved for similar work in similar cases."); *Wade v. Colaner*, No. 06-3715 (FLW), 2010 WL 5479625, at *5-6 (D.N.J. Dec. 28, 2010); *FTC*, 912 F. Supp. 2d at 175.

"[T]he court may not decrease a fee award based on factors not raised by the adverse party." *Red Roof Franchising LLC v. AA Hosp. Northshore, LLC*, 937 F. Supp. 2d 537, 564 (D.N.J. 2013) (citing *Apple Corps. Ltd. v. Int'l Collectors Soc.*, 25 F. Supp. 2d 480, 485 (D.N.J. 1998) (citation omitted)). "It is well established that, if the

party opposing the fee award does not meet its burden, the court must award the attorneys' fees at the requested rate." *Red Roof Franchising LLC*, 937 F. Supp. 2d at 564 (citing *Apple Corps.*, 25 F. Supp. 2d at 485 n.4 (citation omitted)).

1. *Forum Rate Rule*

When determining what rate to apply, courts in the Third Circuit follow the "forum rate" rule, which "requires the Court to apply the hourly rates prevailing in the forum of the litigation." *Lin v. Hudson City Sav. Bank,* No. 18-15387 (RK), 2024 WL 1704730, at *3 (D.N.J. Apr. 19, 2024) (citing *Pocono Mt. Sch. Dist. v. T.D.*, No. 22-1787, 2023 WL 2983501, at *4 (3d Cir. Apr. 18, 2023) (citation omitted)). Two exceptions apply: "first, 'when the need for the special expertise of counsel from a distant district is shown,' and, second, 'when local counsel are unwilling to handle the case.'" *Pocono*, 2023 WL 2983501, at *4 (quoting *Interfaith Cmty. Org.*, 426 F.3d at 705).[4]

---

[4] "If hourly rates are disputed with actual evidence rather than mere argument, the court must conduct a hearing to determine the reasonable market rates." *Industria De Alimentos Zenu S.A.S. v. Latinfood U.S. Corp.*, No. 16-6576 (CCC), 2024 WL 4370832, at *7 (D.N.J. Oct. 2, 2024) (citing *Smith v. Phila. Hous. Auth.*, 107 F.3d 223, 225 (3d Cir. 1997)). "A hearing must be held only where the court cannot fairly decide disputed questions of fact without it." *Drelles v. Metro. Life Ins. Co.*, 90 F. App'x 587, 591 (3d Cir. 2004) (quoting *Blum v. Witco Chem. Corp.*, 829 F.2d 367, 377 (3d Cir. 1987)). Turning to this case, as an initial matter, an evidentiary hearing is not required. The Third Circuit has declared that a hearing is not warranted by merely contesting the claimed hourly rate without supplying evidence; the challenger of the rate must submit "evidence of a different reasonable hourly rate." *Tenafly Eruv Ass'n v. Borough of Tenafly*, 195 F. App'x 93, 97 n.4 (3d Cir. 2006) ("[I]t is not enough merely to contest the claimed hourly rate; rather, appellees must submit evidence of a different reasonable hourly rate. They have not done so here. Instead, they state conclusorily that the requested rates are 'excessive' and cite two District Court cases . . . awarding lower fees to different attorneys in different cases."); *FTC*, 912 F. Supp. 2d at 173 (party opposing the reasonableness of hourly rates "must do so with 'actual evidence' and not mere argument." (citation omitted)). Here, Mr. Lee has not submitted any evidence to support his arguments that Cole Schotz's rates are unreasonable. Accordingly, the Court will decide this Motion without a hearing.

Nothing in this litigation requires the Court to deviate from the "forum rate" rule. Mr. Lee argues that one of Cole Schotz's associates assigned to this matter, Mr. J. Michael Pardoe, is based out of Maryland and not admitted to practice in this District. Dkt. No. 171 at 14. Mr. Lee reasons that because one court in the District of Maryland issued an order finding that the rate of $165 to $300 was "presumptively reasonable" for lawyers five to eight years in practice, that this Court should find the rate of $300 is more appropriate for Mr. Pardoe. *Id.* That decision, however, did not address the "forum rate" rule. *See Mancilla v. Chesapeake Outdoor Servs., LLC*, No. 22-00032 (JMC), 2024 WL 2803947, at *5 (D. Md. May 31, 2024) (finding the rates presumptively reasonable under the court's guidelines, where defendants did not contest the reasonableness). In *Interfaith Cmty. Org.*, which adopted the forum rate rule, the Third Circuit explained that, barring some exceptions, "out-of-town lawyer[s] would receive not the hourly rate prescribed by his district but rather the hourly rate prevailing in the forum in which the litigation is lodged." 426 F.3d at 704 (quoting Report of the Third Circuit Task Force on Court Awarded Attorney Fees, 108 F.R.D. 237, 261 (1985)); *Sabinsa Corp. v. Herbakraft, Inc.,* No. 14-4738 (RBK), 2022 WL 1166581, at *6 (D.N.J. Apr. 20, 2022) ("*Interfaith* establishes upfront and in unambiguous terms that compensation should be 'based on market rates in the vicinage of the litigation,' unless an exception is shown." (citation omitted)).

Mr. Lee cites no legal authority, and makes no other factual argument that would allow this Court to disregard the well-established forum rate rule. The Court finds that the relevant legal community in this case is Northern New Jersey, given

7

that the situs of the litigation is Newark, New Jersey.  *Wade*, 2010 WL 5479625, at

*14-15 (D.N.J. Dec. 28, 2010) (citing *Interfaith Cmty. Org.*, 426 F.3d at 704).  As such,

Mr. Pardoe's rate will be assessed for reasonableness based on that market.

2.  *Rates' Reasonableness*

Having concluded that the forum rate rule applies, the Court must next

determine the reasonableness of the rates based on each attorney's experience and

skills as compared "to the rates prevailing in the community for similar services by

lawyers of reasonably comparable skill, experience, and reputation." *Rode*, 892 F.2d

at 1183 (citations omitted).  Able South Korea submits detailed time records in its

Motion papers indicating the scope and nature of the work performed.  *See generally*

Dkt. No. 158-2.  Further, Able South Korea's own counsel's declaration states that

the rates are Cole Schotz's "normal hourly billing rates."  Dkt. No. 158-2 at ¶ 6.  That

declaration explains counsels' credentials and experience and avers that the rates of

the attorneys who worked on this issue are within market range of "hourly rates

charged by other firms in the New Jersey legal community for similar services by

lawyers of reasonably comparable skill, experience, and reputation."  Dkt. No. 158-2

at ¶ 35.  Moreover, Able South Korea cites various cases from this District approving

rates consistent with those it seeks in the instant Motion.  Dkt. No. 172 at 14–15.

Convincingly, Able South Korea supports its application by noting that the judge in

a related New Jersey state court action, *Able C&C US, Inc. v. Chang, N.J.,* Superior

Court Docket No. BER-L-003844-23 (the "State Court Action"), while also sanctioning

Mr. Lee, found that the rates charged by counsel to Able South Korea were reasonable. Dkt. No. 158-1 at 6–7.

Mr. Lee challenges the reasonableness of the rates on two grounds. First, he argues that the reasonableness of the rates cannot be determined because the application is not accompanied by affidavits from attorneys **other** than Eric Latzer, the lead attorney for Able South Korea. Dkt. No. 171 at 13. However, courts in this District have found that affidavits from the attorneys seeking the fees can be sufficient to establish the reasonableness of the rates sought. *HSBC Bank USA, Nat'l Ass'n v. Shim*, No. 23-1245 (CCC), 2024 WL 3200940, at *5 (D.N.J. June 26, 2024); *Asdal Holdings, LLC v. IdeaSoil, LLC*, No. 22-04158 (KSH), 2025 WL 1453134, at *4 (D.N.J. May 21, 2025); *see also Gloucester Cnty. Imp. Auth. v. Gallenthin Realty Dev., Inc.*, No. 07-5328 (JBS), 2011 WL 3328474, at *2 (D.N.J. Aug. 1, 2011) (noting that there is no blanket rule requiring an outside attorney affidavit). Mr. Lee argues that Mr. Latzer's sole declaration at Dkt. No. 158-2 is insufficient based upon L. Civ. R. 54.2's use of the word "affidavits" and that under L. Civ. R. 7.2(a), affidavits "shall be restricted to statements of fact within the personal knowledge of the signatory." Dkt. No. 171 at 13.

Mr. Lee has not cited any authority that requires multiple affidavits be submitted, or that each attorney who worked on the case must submit their individual affidavit. Mr. Latzer has declared, under penalty of perjury, that he is Able South Korea's lead attorney with knowledge of Cole Schotz's billing rates and procedures and the legal work performed that is the subject of the instant Motion.

Dkt. No. 158-2 at ¶ 1.  In exercising its substantial discretion, the Court finds that Mr. Latzer's certification as a supervising attorney, the detailed time entries provided, and the decision in the State Court Action, collectively provide a sufficient basis to assess the reasonableness of the requested fees.  Therefore, Mr. Lee's first challenge fails.

Second, Mr. Lee challenges the billing rate of each attorney and the paralegal who worked on this matter at Cole Schotz.  The Court finds the rates reasonable, except for a minor adjustment to the paralegal's rate.  Mr. Pardoe's rate is in line with the rates charged for the work of attorneys of similar status in this forum.  *See In re Mercedes-Benz Tele Aid Cont. Litig.,* No. 07-2720 (DRD), 2011 WL 4020862, at *7-8 (D.N.J. Sep. 9, 2011) (finding rates of $750 for partners and $560 for an associate reasonable); *Serv. Experts LLC v. Baxter*, No. 21-18281 (RMB), 2025 WL 607026, at *2 (D.N.J. Feb. 25, 2025) (finding a rate of $535 for a senior associate reasonable). Further, the rates for Mr. Latzer and Mr. Barbiere, a shareholder of Cole Schotz, are in line with what is considered reasonable, and in fact, higher rates for attorneys with similar status are often approved in this District.  *Industria De Alimentos Zenu S.A.S.*, 2024 WL 4370832, at *10 (approving rates of $995 for partners, $710 to $810 for counsel, $440 to $590 for associates); *Asdal Holdings, LLC*, 2025 WL 1453134, at *4 (finding partner rates up to $1,150 reasonable).  Accordingly, the Court finds that the rate of each attorney is reasonable.[5]

---

[5] Mr. Lee also challenges the reasonableness of the rate by relying on the decision in *Ocasio v. Cnty. of Hudson*, No. 14-811 (WJM), 2023 WL 5035289 (D.N.J. Aug. 8, 2023).  This challenge pertains only to Mr. Latzer's proposed rate.  Mr. Lee argues that, based on *Ocasio*, an appropriate rate for Mr. Latzer, who has 14 years of experience, is $395 per hour.  Dkt. No. 171 at 15.  But Mr. Lee's emphasis

As for the paralegal's rate, Mr. Lee argues that it resembles an attorney's rate, and he requests that the paralegal rate be lowered to $100 per hour. Dkt. No. 171 at 14. The Court recognizes that the $400 an hour rate proposed by Able South Korea skews towards the highest end of rates awarded for the work of paralegals. *See Fernandez v. DouYu Int'l Holdings Ltd.,* No. 23-03161 (SDA), 2025 WL 3564643, at *7 (D.N.J. Dec. 12, 2025) (finding a rate of $365 to $400 for paralegals reasonable); *Rieger v. Volkswagen Grp. of Am., Inc.*, No. 21-10546 (ESK), 2024 WL 2207439, at *8-9 (D.N.J. May 16, 2024) (finding a rate of $280 to $445 for paralegals and analysists reasonable). The Court further recognizes that these awards were given in the context of class-action lawsuits, which create a set of unique responsibilities for paralegals. More recently, a ruling on a fee motion in this District, for work performed by Cole Schotz, found that the appropriate rate for their paralegals with over twenty years of experience was $285. *Arias v. Fam. First Funding, LLC*, No. 23-1226 (JBD), 2026 WL 472773, at *9 (D.N.J. Feb. 19, 2026). The Court finds this ruling persuasive as to the reasonable rate for the services of Danielle Delehanty, Cole Schotz's paralegal for this matter, and as such her rate will be reduced to $285 per hour. Thus, the fees in connection with the 5.9 hours of work performed by Ms. Delehanty will be reduced from $2,311 to $1,681.50. Accordingly, the Court finds

---

on *Ocasio* is misplaced. In *Ocasio*, the Court noted that "[w]hen determining the relevant market rate, the Court must consider 'the rate at the time of the fee petition, not the rate at the time the services were performed.'" *Ocasio*, 2023 WL 5035289, at *2 (citing *Lanni v. New Jersey*, 259 F.3d 146, 149–50 (3d Cir. 2001)). The Court, there, approved various fees, including up to $650 for varying levels of experience. *Id.* at *3. The Court takes judicial notice that since the decision in *Ocasio*—decided more than 3 years ago—the market rates have increased. Moreover, Able South Korea has provided examples of rates similar, and even higher, than the rates sought here, as well as the decision in the State Court Action supporting the request for these rates. Therefore, Mr. Lee's argument does not alter the Court's conclusion as to Mr. Latzer's billable rate.

that the rates sought for Mr. Latzer's, Mr. Pardoe's, and Mr. Barbiere's work are reasonable and will reduce Ms. Delehanty's rate in accordance with the ruling in *Arias*.

## B. Hours Expended

In addition to deciding the rates' reasonableness, the Court must determine whether the hours expended were reasonable. The Third Circuit's guidance is clear.

> A prevailing party is not automatically entitled to compensation for all the time its attorneys spent working on the case; rather, a court awarding fees must "decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are 'excessive, redundant, or otherwise unnecessary.'"

*Interfaith Cmty. Org.*, 426 F.3d at 711 (quoting *Pub. Int. Rsch. Grp. of N.J., Inc. v. Windall*, 51 F.3d 1179, 1188 (3d Cir. 1995)). "This task requires the Court to examine the record to determine that the hours for which counsel seek fees are not 'unreasonable for the work performed.'" *R.B.A. v. Jersey City Bd. of Educ.*, No. 15-8269 (LDW), 2023 WL 3098713, at *7 (D.N.J. Apr. 26, 2023) (citing *Washington v. Phila. Cnty. Ct. of Common Pleas*, 89 F.3d 1031, 1037 (3d Cir. 1996)). The Court will exclude any hours that "were not reasonably expended" from the fee calculation. *K.N. v. Gloucester City Bd. of Educ.*, No. 17-7976 (NLH), 2022 WL 613846, at *6 (D.N.J. Mar. 2, 2022) (citing *Hensley*, 461 U.S. at 434). Mr. Lee raises three concerns with the billable hours for which Cole Schotz seeks reimbursement.

First, Mr. Lee argues that certain time entries included in the fee petition fall outside the scope of the Disqualification Ruling. Dkt. No. 171 at 5–6. Mr. Lee argues that the language of the Court's Disqualification Ruling, which imposed sanctions inclusive of "attorney's fees **in connection with** the instant [m]otion [to disqualify

12

Mr. Lee]," (Dkt. No. 118 ¶ 3 (emphasis added)), does not encompass the time Able South Korea spent opposing his appeal or preparing its original motion for attorneys' fees. Dkt. No. 171 at 5–6.

The Court rejects these arguments. The Third Circuit has affirmed the principle that a litigant is entitled to recover the fees incurred in litigating a fee petition. *Planned Parenthood of Cent. N.J. v. Att'y Gen. of the State of N.J.*, 297 F.3d 253, 268 (3d Cir. 2002) ("A party entitled to an award of attorneys' fees is also entitled to reimbursement for the time spent litigating its fee application.") (citing *Prandini v. Nat'l Tea Co.*, 585 F.2d 47, 53 (3d Cir. 1978) ("the time expended by attorneys in obtaining a reasonable fee is justifiably included in the attorneys' fee application, and in the court's fee award.")); *Material Techs. Inc. v. Carpenter Tech. Corp.*, No. 01-2965 (SRC), 2004 U.S. Dist. LEXIS 28893, at *14 (D.N.J. Sep. 16, 2004) (recognizing that attorneys' fees and costs incurred preparing a fee petition are recoverable).

It follows that if time spent on fee petitions is recoverable, so, too, is the time expended as a result of Able South Korea having to unnecessarily defend the appeal of the Disqualification Ruling. Mr. Lee's main argument is that the fees and costs of the appeal were not "in connection with," or contemplated in, the Disqualification Ruling. Dkt. No. 171 at 5–6. That reading of the Disqualification Ruling strains credulity. In the context of statutory interpretation, courts in this jurisdiction have interpreted the meaning of the phrase "in connection with" and have found that it denotes "a wide range of relationships." *Pedemonte v. Holder*, No. 09-1558 (FLW), 2010 WL 551085, at *6 (D.N.J. Feb. 16, 2010); *see also United States v. Loney*, 219

13

F.3d 281, 284 (3d Cir. 2000) ("'[I]n connection with' expresses some relationship or association, one that can be satisfied in a number of ways such as a causal or logical relation or other type of relationship."); *City of Hoboken v. Chevron Corp.*, 45 F.4th 699, 709–10 (3d Cir. 2022) ("'Connection' reaches beyond causation. It means a 'causal or logical relation or sequence.'").

When the Court imposed sanctions, it intended to make Able South Korea whole for the expenses caused by Mr. Lee's misconduct. But for that misconduct, Able South Korea would not have incurred the litigation costs for which it now seeks reimbursement, including the appeal. Put differently, if Mr. Lee had not engaged in misconduct, Able South Korea would not have incurred the cost of the appeal of the Disqualification Ruling. The appeal was a direct continuation of the litigation concerning the Motion itself. Thus, the fees and costs of the appeal are "in connection with" the Disqualification Ruling. And while the Court encourages litigants to appeal meritorious issues, the Court will not reward a litigant for filing meritless appeals that drive up costs for adversaries. That is precisely what happened here. On appeal, the District Court found that "[t]he argument that Lee was entirely justified in his actions is a **gross misunderstanding** of his ethical and professional obligations at best and an open and continuous disregard of them at worst." Dkt. No. 153 at 11 (emphasis added). Fairness requires that Able South Korea be made whole for unnecessarily having to defend an appeal solely because Mr. Lee sought review of the sanctions imposed in connection with the Motion. Accordingly, Mr. Lee must

14

reimburse $33,586.50 to Able South Korea for fees and costs related to the appeal of the Disqualification Ruling.

Second, Mr. Lee takes issue with a variety of other costs, including reimbursement for the Court-ordered deposition of Mr. Lee (Dkt. No. 118 ¶ 2), preparing for and traveling to a dispute hearing on September 10, 2024, attending a dispute hearing (Dkt. No. 81), meeting and conferring, conducting legal research, and drafting the Motion to Disqualify. *See* Dkt. No. 171 at 5–8. In support of his objection, Mr. Lee cites no legal authority and offers only conclusory statements. The question is straightforward: but for Mr. Lee's misconduct, would Able South Korea have had to incur these fees? The answer is no.

The costs for traveling to, and attending, a dispute hearing, as well as deposing a witness, are reasonable and generally recoverable in this District. *See, e.g.*, *Younes v. 7-Eleven, Inc.*, 312 F.R.D. 692, 714 n.30 (D.N.J. 2015) (declaring fees related to the motion for sanctions, communications with the court about the motion, conferences with the court, depositions, and oral argument as reimbursable); *Kaisha v. Lotte Int'l Am. Corp.*, No. 15-5477 (MCA), 2019 WL 5079571, at *4 (D.N.J. Oct. 10, 2019) (reimbursing for travel and deposition costs); *Ill. Nat. Ins. Co. v. Wyndham Worldwide Operations, Inc.*, No. 09-1724 (GEB), 2011 WL 2293334, at *7 (D.N.J. June 7, 2011) (reimbursing for the preparation and attendance of a discovery dispute hearing). The Court finds that these types of expenses are reasonable and fall within the scope of the Disqualification Ruling. Dkt. No. 82.

And third, Mr. Lee challenges various fees related to the preparation and filing of the Motion to Disqualify as "excessive, redundant, or otherwise unnecessary." Specifically, he highlights 55.60 hours for "draft/revise," "review," and "work on motion" tasks; 21.65 hours for "legal research" and "read caselaw" tasks; and 12.35 hours for "intraoffice meetings." Dkt. No. 171 at 9–10. Mr. Lee claims that Able South Korea's Exhibit A entries (Dkt. No. 158-2), totaling 70.6 hours, are excessive and requests that the Court reduce the 70.6 hours by 50%, or 35.3 hours. Dkt. No. 171 at 10.

The Court notes that the challenged entries include the preparation of the initial thirty-seven-page brief and the seventeen-page reply brief over the course of seven months. *See* Dkt. Nos. 82, 84. The fees sought by Able South Korea include time spent investigating Mr. Lee's misconduct, conducting legal research, doing legal analysis, drafting and preparing motion papers, preparing for oral argument, and attending in-person hearings. Dkt. No. 158-1 at 3. Other than challenging broad categories, Mr. Lee does not explain why the specific entries he highlighted were excessive, redundant, or unnecessary. Merely labeling an entry "excessive" does not make it so. Nonetheless, the Court has independently reviewed the challenged entries and finds them reasonable. *See, e.g.*, *Tangible Value, LLC v. Town Sports Int'l Holdings, Inc.,* No. 10-1453 (MAS), 2014 WL 6485972, at *14-15 (D.N.J. Nov. 19, 2014) (finding compensable 80.8 hours for the "heavy undertaking" of drafting a motion for sanctions, and 27.1 hours for a reply brief).

16

## C. **Specificity of Able South Korea's Entries**

As a final point, the Court will address Mr. Lee's contention that various redacted entries are objectionable because they "are rendered vague and prevent any reasonableness determination by the Court."  Dkt. No. 171 at 10.  Fee applications must "be specific enough to allow the district court to determine if the hours claimed are unreasonable for the work performed."  *Rode*, 892 F.2d at 1190 (citing *Pawlak v. Greenawalt*, 713 F.2d 972, 978 (3d Cir. 1983)).  The petition should "include 'some fairly definite information as to the hours devoted to various general activities, *e.g.*, pretrial discovery, settlement negotiations, and the hours spent by various classes of attorneys, *e.g.*, senior partners, junior partners, associates.'"  *Id.* (citation omitted).  It is not necessary, however, to know the exact amount of time spent "nor the precise activity to which each hour was devoted."  *Id.*  (quoting *Lindy Bros. Builders of Phila. v. Am. Radiator & Standard Sanitary Corp.*, 487 F.2d 161, 167 (3d Cir. 1973)).

The Court finds that Able South Korea's fee petition is specific enough to allow the Court to meaningfully review the reasonableness of the work performed.  The petition includes definite information regarding the time devoted to various activities.  Even those entries that contain certain redactions provide the Court with sufficient information to assess the reasonableness of the work performed.  These entries include work in connection with legal research and preparing the Motion to Disqualify.  *See* Dkt. No. 158-2.  As such, the Court rejects Mr. Lee's contention that the redacted entries are so vague as to prevent the Court's reasonable assessment.

17

Mr. Lee argues that there is a heightened need for transparency due to the possibility that Able South Korea seeks fees for work performed in the related State Court Action. Dkt. No. 171 at 11. To be clear, Mr. Lee does not provide any evidence demonstrating that Able South Korea seeks fees in connection with work performed in the State Court Action. Instead, Mr. Lee submitted invoices from the State Court Action that are almost entirely redacted, and he speculates that certain entries may overlap with the instant Motion. In contrast, Able South Korea has submitted the declaration of Mr. Latzer who stated, unequivocally and under penalty of perjury, that "Cole Schotz maintains separate matter numbers for this action and for the separate, related action pending in the Superior Court of New Jersey, Bergen County . . . . None of the time entries submitted in support of this motion for fees relate to the State Court Action or any other matter." Dkt. No. 172-1 ¶¶ 3–4. Mr. Lee's mere conjecture, without supporting evidence, is insufficient to establish that the fees being sought here are duplicative of the fees sought in a separate matter, especially in light of Mr. Latzer's declaration. *Chaaban v. Criscito*, No. 08-1567 (SDW), 2013 WL 1737689, at *14 (D.N.J. Apr. 3, 2013) (finding that a court may not award less in fees than requested by the petitioner where the opposing party raises only generalized conclusory objections as to the time spent), *report and recommendation adopted by*, No. 08-1567 (SDW), 2013 WL 1730733 (D.N.J. Apr. 22, 2013).

## CONCLUSION

For the foregoing reasons, Able South Korea's Motion (Dkt. No. 158) is **GRANTED IN PART**. IT IS ORDERED that Mr. Lee pay Able South Korea

attorneys' fees in the amount of $110,897, consisting of: (1) $63,158 for the fees incurred prior to the Disqualification Ruling; (2) $33,586.50 for the fees incurred in connection with the appeal of the Disqualification Ruling; and (3) $14,152.50 for the fees incurred in connection with the fee petition.

HON. JOSÉ R. ALMONTE
UNITED STATES MAGISTRATE JUDGE

Dated: June 30, 2026